IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

MEDICAL EDUCATIONAL & HEALTH
SERVICES, INC.

DEBTOR

MEDICAL EDUCATIONAL & HEALTH
SERVICES, INC.

PLAINTIFFS

VS.

SISTEMAS INTEGRADOS DE SALUD DEL
SUROESTE, INC. & MAYAGUEZ MEDICAL
CENTER-DR. RAMON EMETERIO BETANCES,
INC.

DEFENDANTS

CASE NO. 10-04905 BKT

Chapter 11

ADV. NO.: 10-202

FILED & ENTERED ON 02/10/2011

**OPINION AND ORDER**

This proceeding is before the Court upon the Movant's notice of removal [Dkt. No. 1], the Respondent's opposition [Dkt. No. 4], the Movant's sur reply [Dkt. No. 11], and the Respondent's sur reply [Dkt. No. 18]. For the reasons set forth below, this Court remands the lawsuit to the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Mayaguez.

**I. FACTUAL BACKGROUND**

The Defendant in the present action, Medical Educational and Health Services, Inc. ("Defendant" or "MEDHS") filed a motion for possessory injunction on behalf of Debtor, Mayaguez Advanced Radiotherapy Center, Inc. ("MARC"), against Sistemas Integrados de Salud del Suroeste, Inc. ("SISSO") and Mayaguez Medical Center ("MMC") in the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Mayaguez ("the state action"). The complaint in the state action avers that MARC leased a radio-oncology laboratory from MMC and that

MMC improperly revoked that lease, dispossessing MEDHS and MARC of their possessory interest therein.  Specifically, the possessory rights involve the use of parking facilities for its employees and access to a lateral entrance directly into MARC's facility located on MMC's premises used by the facility's cancer patients.  In the state action, MEDHS seeks a possessory injunction against SISSO and MMC under section 690 of the Puerto Rico Code of Civil Procedure, 32 L.P.R.A. § 3561.  MEDHS filed the present adversary proceeding seeking to remove the state action to this Court under 28 U.S.C. § 1452 and Bankruptcy Rule 9028.  In its Notice of Removal, MEDHS argues that the bankruptcy removal statute, 28 U.S.C. § 1452(a), grants defendants the right to "remove any claim or cause of action in a civil action […] to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  The matter is submitted.

## II. JURISDICTION

Section 1334 of title 28, sets up two main categories of bankruptcy cases over which the district court has jurisdiction.  The first category is "cases under title 11," over which the district court has original and exclusive jurisdiction pursuant to 28 U.S.C. § 1334(a) (i.e., bankruptcy petitions themselves).  The second category is delineated into three distinct subcategories of civil proceedings in which the district court has original, but not exclusive, jurisdiction: proceedings "arising under" title 11; proceedings "arising in" bankruptcy cases; and cases "related to" cases brought under title 11.  28 U.S.C. § 1334(b); In re Middlesex Power Equipment & Marine Inc., 292 F.3d 61, 66 (1st Cir. 2002).  The "arising under" language of § 1334(b) is analogous to the "arising under" language in 28 U.S.C. § 1331. 1 Collier on Bankruptcy, ¶ 3.01[4][c][i], at 3-21.  It is commonly said that "arising under" proceedings are generally cases in which the cause of action is created by title 11.  Id. Because the Plaintiffs in the state action seek relief under state law, the state action cannot be said to "arise under" title 11.  "Arising in" proceedings generally "are those that are not based on any right expressly created by title

11, but nevertheless, would have no existence outside of the bankruptcy." Middlesex, 292 F.3d at 68 (quoting Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)).  The cause of action in the state action is not expressly created by title 11, but it would have existence outside of bankruptcy, since the parties could have had this dispute regardless of the Debtor's bankruptcy. Accordingly, the state action cannot be said to either "arise under" title 11 or "arise in" a bankruptcy case for jurisdiction purposes.

A civil proceeding is "related to" a bankruptcy case, for jurisdictional purposes, when the action between the parties (1) affects how much property is available for distribution to creditors of the bankruptcy estate or allocation of property among such creditors; (2) could alter the debtor's rights or liabilities; or (3) could conceivably have *any* effect on the estate being administered.  In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991) (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)).  "Related to" jurisdiction is limited, in that it assumes that the matter does not 'arise in' the case at hand and therefore it requires some other nexus vis-à-vis the estate involved.  Here, the determination of the Debtor's possessory interest in the lease agreement "relates to" the main bankruptcy case in that it will directly affect the debtor's rights and liabilities, since it is the main asset of the Debtor's estate.

### III. CORE VS. NON-CORE

The restructuring of debtor-creditor relationships is at the core of the federal bankruptcy power, but the adjudication of state-created private rights is not. Northern Pipeline Constr. Co. v. Marathon Pipeline Co., 458 U.S. 50, 71 (1982).  The First Circuit further defines non-core proceedings as "claims concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights, referring to them as 'Marathon-type suits.'" In re Arnold Print Works, Inc., 815 F.2d at 167 (quoting 130 Cong. Rec. H1848 (daily ed. March 21, 1984) (statement of Representative Kindness)). The court in Arnold Print Works based its decision on Marathon, stating that:

"[n]on-core proceedings, those that the statute calls 'related to' bankruptcy cases, concern aspects of the bankruptcy case that Marathon barred non-Article III judges from determining on their own." Id.

SISSO maintains that, even if this Court were to determine that subject matter jurisdiction exists, the lawsuit is a non-core proceeding subject to mandatory abstention under 28 U.S.C. § 1334(c)(2) because the basis of the suit rests solely on Commonwealth law, and it would not have been brought in federal court absent the bankruptcy case. Such matters, SISSO states, are clearly better suited for determination by the Commonwealth Courts. This Court has determined that it has jurisdiction over the present controversy by virtue of "related to" jurisdiction, but by its very definition, "related to" jurisdiction only applies in non-core matters as an alternative basis of jurisdiction. A bankruptcy court's power to hear and determine non-core matters is limited. Section 157(c)(1) provides that if a proceeding is non-core, but otherwise related to a case under title 11, a bankruptcy court may hear the proceeding but may not enter a final order or judgment. Instead, the bankruptcy court submits proposed findings of fact and conclusions of law to the district court which, after consideration, enters a final order or judgment. However, the bankruptcy court may enter a final order or judgment with respect to a non-core, but related proceeding if all parties consent. See, 28 U.S.C. § 157(c)(2). SISSO does not consent to have this claim adjudicated by the bankruptcy court.

### IV. ABSTENTION

Our analysis now turns to whether this Court should abstain from hearing this proceeding altogether, even though jurisdiction has been established over the controversy. 28 U.S.C. § 1334(c) provides for two types of abstention, mandatory and discretionary (sometimes referred to as permissive). Mandatory abstention under section 1334(c)(2) provides that:

> "upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, "related to" a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court

shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction."

28 U.S.C. § 1334(c)(2).

"Pursuant to section 1334(c)(2), the 'district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including one where the debtor is a party) and where the claim can be timely adjudicated in state court.'" In re Interamericas Turnkey Development Co., Inc., 94 B.R. 9, 13 (Bankr. D.Puerto Rico 1988), citing Matter of Candelero Sand & Gravel, 66 B.R. 903, 907-08 (Bankr. D.Puerto Rico 1986) (quoting State Bank of Lombard v. Chart House, 46 B.R. 468, 472 (Bankr. N.D. Ill. 1985)); see also Goya Foods v. Unanue-Casal (In re Unanue-Casal), 164 B.R. 216, 222-23 (Bankr. D.Puerto Rico 1993) (discussing requirements for mandatory abstention), aff'd., 32 F.3d 561 (1st Cir. 1994), In re Punto Aparte, 2009 WL 249429 (Bankr. D.Puerto Rico 2009). Therefore, in order for mandatory abstention to apply, the proceeding must: 1) be based on a State law claim or cause of action; 2) lack a federal jurisdictional basis absent the bankruptcy; 3) be commenced in a state forum of appropriate jurisdiction; 4) be capable of timely adjudication; and 5) be a non-core proceeding. 28 U.S.C. § 1334(c)(2).

The present action is a non-core proceeding that stems from Commonwealth law, lacks a federal jurisdictional basis outside of bankruptcy, and in the absence of bankruptcy, could be timely resolved in the state court where it was commenced.

## V. CONCLUSION

Having found that all of the factors for mandatory abstention under 28 U.S.C. § 1334(c)(2) apply to the present controversy, this Court remands the lawsuit to the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Mayaguez.

**SO ORDERED.**

San Juan, Puerto Rico, this 10 day of February, 2011.

Brian K. Tester
U.S. Bankruptcy Judge