**UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| *IN THE MATTER OF:*<br>Medical Educational & Health Services, Inc.<br>**DEBTOR**<br>Medical Educational & Health Services, Inc.<br><br>*Plaintiff*<br><br>**V.**<br><br>**Sistemas Integrados de Salud del Suroeste, Inc. & Mayagüez Medical Center- Dr. Ramón Emeterio Betances, Inc.**<br><br>*Defendants* | CASE NO: 10-04905 (BKT)<br><br>**CHAPTER 11**<br><br>**Adversary NO. 10-00202 (BKT)**<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br>Commonwealth of Puerto Rico, Court of First Instance, Superior Court of Mayaguez<br><br>No. ISCI201001833 |

## Opposition to Defendant's Motion for Reconsideration

TO THE HONORABLE COURT:

COME NOW, **Medical Educational & Health Services, Inc.**, from now on ***MEDHS***, through the undersigned attorney and respectfully state(s), allege(s) and pray(s) as follows:

1. On February 10, 2011, this Honorable Court filed a final Opinion and Order mandatorily abstaining from exercise jurisdiction in this case and remanding the case to the State Court of Mayaguez. See docket No. 29.

2. In the previously mentioned Opinion and Order, this honorable Court found that all criteria for Mandatorily Abstention under § 1334(c) (2) were met in the present case.

3. On February 12, 2011, this Honorable Court notified Mayaguez Superior Court of the Commonwealth of Puerto Rico about the Abstention and Remand decision. Please see Certificate of Notice issued by this Court in docket No. 31.

4. On February 16, 2011, MMC/SISSO filed a "Motion for Reconsideration" averring that this honorable court erred in finding that it has "non-core" jurisdiction over the present action.

MMC/SISSO grounded its motion based on the incorrect point of view that MEDHS is bound by this Court's determination in a different adversary proceeding initiated by MARC. See docket No. 32.

5. MEDHS has never consent to have the present claim adjudicated by the bankruptcy court under 28 U.S.C. § 157 (c) (2).

6. This Honorable Court should deny MMC/SISSO's Motion for Reconsideration because (1) this Honorable Court lacks jurisdiction to entertain any further action regarding this case and the order is unreviewable, (2) MEDHS is not barred by prior order issued by this Court.

   **I. This Honorable Court Does Not Have Jurisdiction and the Remand Order is Unreviewable**

7. The mandatory abstention and remand order under 28 U.S.C. § 1334(c) (2) is not reviewable. It is barred by a statutory prohibition against review: "any decision to abstain or not to abstain . . . is not reviewable by appeal or otherwise." 28 U.S.C. § 1334(d). The clear language of § 1334(d) indicates that Congress intended § 1334(c)(2) abstention decisions to be non-reviewable. This prohibition against review includes bankruptcy reconsideration over a case remanded to a State Court. In *Pio v. General Nutrition Cos.*, 488 F. Supp. 2d 714, 717 (D. Ill. 2007), the District Court of Illinois made the following analysis: *"Statutory bars on appellate review of remand orders apply to bar district court reconsideration of those orders. See <u>Valparaiso v. Iron Workers Local Union # 395, 118 F.R.D. 466, 468 (N.D. Ind. 1987)</u>(collecting cases). While these cases deal specifically with reconsideration of remand orders under 28 U.S.C. § 1447(d), we do not find the rationale distinguishable. The purposes of barring reconsideration of remand orders under § 1447(d) judicial efficiency and state comity are similarly pertinent when considering remands under § 1452(b). Furthermore, based on a fair reading of the Supreme Court's opinion in <u>Things Remembered v. Petrarca, 516 U.S. 124, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995)</u> in conjunction with its opinion in <u>Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S. Ct. 584, 46 L. Ed. 2d 542 (1976)</u>, as long as our reasons for remand were among those enunciated in § 1452(b), our decision to remand is precluded from review. This is further supported by the*

*Seventh Circuit's opinion in In re United States Brass Corp., 110 F.3d 1261 (7th Cir. 1997). There the court held that the "equitable grounds" articulated in § 1452 include any appropriate ground for remand, and the simple fact that the ground is labeled "equitable" does not mean that it is therefore reviewable. The court held that reading "equitable grounds" in the statute as permitting review would make § 1452(b)'s bar of review a sieve that it was not intended to be. In light of all this, we find that the plain language in the statute prevents us from reconsidering the order to remand. If the plain language of the statute were not enough, a look behind the language, to the history and purpose of the statute, solidifies our holding. Section 1452 was enacted as part of the "Bankruptcy Amendments and Federal Judgeship Act of 1984" 98 Pub. L. 353 (1984). In the original version of the law, part (b) read, in pertinent part: "An order entered under this subsection remanding a claim or cause of action or a decision not to remand, is not reviewable by appeal or otherwise" (emphasis added). The italicized language mimicked not only the language of*

8. *§ 1447(d), but also of another provision in the bankruptcy code governing permissive abstention, 11 U.S.C. § 305(c).* **This same language was also inserted by the bill into 28 U.S.C. § 1334(c)(2) , which governed permissive and mandatory abstention in bankruptcy cases.** *Two years prior to the enactment of these amendments, the Supreme Court decided the seminal case of Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982), in which the Court held that the decisions of bankruptcy courts, as Article I courts, were subject to review by Article III courts. In light of this decision, questions were raised by numerous courts as to the validity of the above provisions of the bankruptcy code given that, on their faces, they appeared to confer unreviewable discretion to the decisions of bankruptcy courts to abstain or remand cases back to state court. See discussion in In re Axona Int'l Credit & Commerce. Ltd., 115 B.R. 442, 445-46 (S.D.N.Y. 1990). Despite the Supreme Court's ruling in Northern Pipeline, several courts upheld the bankruptcy court's ability to render unreviewable opinions based on the language in these statutes. Id. As a result of case law describing the constitutional infirmities of these provisions, Congress sought to remedy this split by amending the questionable language in all three of the statutes. See 2 ALAN N. RESNICK, ET AL. COLLIER ON BANKRUPTCY 305.05 (15th ed. Rev. 2006). In the Judicial Improvements Act of 1990, 101 P.L. 650 (1990), Congress amended §§ 305(c), 1334(c)(2) and 1452(b) to read "not reviewable by appeal or otherwise by the court of appeals … or by the Supreme Court of the United States …" (emphasis added). The congressional record*

*accompanying both the House and Senate versions of the bill reveal Congress' purpose for this amendment. Collier on Bankruptcy, similarly concludes that Congress intended this amendment to clarify the bankruptcy court's role as an Article I court in light of Northern Pipeline. See 2 ALAN RESNICK ET AL., COLLIER ON BANKRUPTCY P 305.05 n 1 (15th ed. rev. 2006)(stating that the amendment remedied any constitutional deficiency in § 305 abstention). Based on this history, we find that there is no evidence that Congress' inclusion of this language in § 1452(b), as well as the other two statutes, was intended to alter the long-held rule that a bar on appealability included a bar on reconsideration. Congress simply tacked on the new language to the then-existing language, creating an unintended ambiguity in the district court's ability to reconsider its orders under these provisions. This ambiguity is resolved by reading and interpreting § 1452(b) in conjunction with § 1447(d), which has been universally interpreted to bar reconsideration of remand orders. See Consolidated Doors. Inc. v. Mid-American Door Co., 120 F. Supp. 2d 759, 765 (E.D. Wis. 2000)(collecting cases). Both the Supreme Court and the Seventh Circuit have upheld reading these two statutes in conjunction with one another. See Things Remembered, 516 U.S. at 127, 116 S. Ct. at 497; In re United States Brass Corp., 110 F.3d at 1266; Hernandez v. Brakegate Ltd., 942 F.2d 1223, 1225-26 (7th Cir. 1991). Since our remand determination was grounded in the language of the statute (permitting remand on any equitable ground) it does not fall into the class of extra-statutory discretionary remands that permit appeal. See In re United States Brass Corp., 110 F.3d at 1265-66 (discussing appealability, § 1452(b) remands in light of Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996)). Thus, our reconsideration of the order is also barred."*

9. Similarly to the case outlined before, the mandatory abstention and remand of the present case was grounded on the language of the statute 1334 (c) (2) (Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction) and having this court found all criteria for Mandatory Abstention met, this Honorable Court is barred to reconsider the Order for Abstention and Remand. Mandatory abstention, if met, requires a district court to remand the case to state court, regardless

of whether it would be more efficient to transfer the case to another forum. A district court does not have discretion to retain jurisdiction if the requirements of 28 U.S.C. § 1334(c)(2) are met. *Cf. In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984)

10. Also, an effective remand not only is based on the above grounds, but also complies with the following procedure: the clerk of the district court is required to send a certified copy of the order of remand to the clerk of the state court, at which time the state court may proceed with the case. Courts in the Fourth, Tenth and Eleventh Circuits have interpreted the transition in jurisdiction to occur when the order is filed or entered whereas courts in the First, Third, Fifth, Seventh and Ninth view the triggering event to be the mailing of the certified copy of the order to the state court. Good v. Kvaerner U.S. Inc., 2003 U.S. Dist. LEXIS 22701 (D. Ind. 2003)

11. As we mentioned before, this Honorable Court notified the Superior Court of Mayaguez of its determination in the present case, and with said notification, this court returned the jurisdiction to the State Court of Mayaguez. *Eby v. Allied Products Corp*., 562 F. Supp. 528, 531 (S.D. Ind. 1983). *("[…] when an order of remand is entered and a certified copy is mailed to the state court, the district court is divested of any further jurisdiction.")*.

12. Several Circuit decisions have stated that after an order of remand, federal courts cannot further entertain any matter concerning the case. It is long-settled that a remand order renders the district court "without jurisdiction" over remanded claims, such that any continued litigation over those claims becomes "a futile thing." *In re Bear River Drainage Dist*., 267 F.2d 849, 851 (10th Cir. 1959). Put differently, the parties can do no more than shadowbox in federal court; the main event actually resides in state court. Any district court order putatively deciding any aspect of a claim remanded to state court is but an advisory opinion, the expression of stray sentiments by a court powerless to decide anything, or, as one circuit has put it, "so much hot air." *Daniels v. Liberty Mut. Ins. Co*., 484 F.3d 884, 888 (7th Cir. 2007). *See also* U.S. Const. Art. III, sec. 2; *Kromer v. McNabb*, 308 F.2d 863, 865 (10th Cir. 1962) (a remand order "takes precedence" and district court should not take action on pending motions before or after remand); 14C Charles Alan

Wright et al., Fed. Prac. & Proc. § 3739, at 491 (3d ed. 1998). [I]t is clear that an order of remand to state court ends the jurisdiction of the federal court over the case."); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996) ("When a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket."); *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) (a district court hearing merits arguments after remanding the case "impermissibly intrudes into a matter properly left to the state courts").

13. The Court of Appeals for the Tenth Circuit has stated that any determination of a federal court after an order of remand will just disserve procedures in the state court, increased parties litigation costs and leave the case in a legal limbo: *"Allowing continued litigation in district court over a remanded claim risks not just a purely academic opinion about a claim really pending elsewhere, but a host of practical problems. It raises the possibility that the parties will make a mistaken guess about which forum should hear their case and needlessly devote time and resources in the wrong forum. It also leaves cases in legal limbo, partly in federal court, partly in state court, a result that does nothing to advance and much to undermine federal-state comity."* C & M Props., L.L.C. v. Burbidge (In re C & M Props., L.L.C.), 563 F.3d 1156 (10th Cir. 2009)

14. As we have discussed before, this Honorable Court should deny MMC/SISSO motion for reconsideration because this court has already transferred jurisdiction over the case to the State Court of Mayaguez by issuing and notifying the order of abstention and remand.

## OTHER ARGUMENTS

15. MEDHS Is Not Barred By Prior Order. The Decision in the mentioned MARC's complaint and injunctive relive petition (Adversary No. 10-0159) was properly and timely appealed. This means that Defendants statements about the finality of this Honorable Court's judgment in MARC's case it's under review. In any case, the Honorable Court's order simply denied a

remedy. It did not enjoin MARC from attempting to benefit from other laws and remedies. Certainly, it did not enjoin MEDHS', who was not a party to the case.[1]

16. Therefore, in order to create a temporary state of law until the appeal is resolved by the pertinent Court, MEDHS resorts to Mayaguez's State Court exercising a procedural option in the Commonwealth Procedural Law that protects and encourages the Commonwealth Public Policy against taking the law one's own hand. Understand by this, the **"Possessory Injunction"**.

17. As to the parties in the case, MEDHS is a different corporation than MARC. The State Law clearly provides the standing to promote a petition for "Possessory Injunction" by a third party with interest in the behalf of the tenant to protect its tenancy. See Commonwealth's Civil Code 31 de LPRA 1422. In this case, MEDHS also does it in its own interest, inasmuch as it is MARC's landlord.

18. Defendants in their Reply tried to convince this Honorable Court that MEDHS, by requesting a possessory injunction in the State Court, overtly disregarded prior orders of this Honorable Court. Trying to support the above, Defendants avers that this Honorable Court has jurisdiction to empower prior orders and judgments by citing the 11 U.S.C. § 105. Undoubtedly MEDHS concurred with Defendants in that this Court has jurisdiction to empower its prior orders and judgment, but only in the cases where this Honorable Court has had emitted a prior order or judgment against a given party. Such is not the case of MEDHS, in this matter.

19. The facts that were the basis of MARC's complaint can support other different causes of action that derived from the same facts. (i.e. acts that are constitutive of crime can also be basis for a tort action without one result constituting *res judicata* for the other case). This means that a remedy as different as the Possessory Injunction can be from the typical injunction, it may also be derived from the same facts and a different party can, with a different cause of action, sustain a pleading with the same factual events. Therefore, to say that the facts that support the Possessory

---

[1] MEDHS attempted, unsuccessfully, to defend MARC's interests in the above named action, but was not a party to the case, since the same was dismissed before MEDHS could intervene to defend its interests in the case.

Injunction case are Res Judicata could be a great legal mistake. It would also be a failure of justice to extend a judgment over third parties that were not part and their interests were not represented in a different adjudged case.

20. In conclusion, given that MEDHS was not a party in MARC's and that MEDHS Possessory Injunction is a different cause of action based on the same factual events and is based exclusively on State Procedural Law and given that MEDHS has received no order from this Honorable Court, regarding the subject matter at hand, this Honorable Court may not understand that MEDHS is overtly disregarding prior orders of this Honorable Court.

21. Said all of the above, we understand that by simply basing the "Core vs. Non-Core" discussion, of the Opinion and Order issued by this Court in the present case, in the "related to" jurisdiction and the "mandatory abstention and remand" this Honorable Court discarded all the others allegations presented in the motions previously filed by all parties in support to the "Core or Non-Core" proceeding points of view, included the U.S.C § 105 (b) argument presented by the defendant.

22. As this Honorable Court may realize, this argument lacks of merits and has been brought again before the court only to harass Plaintiff's procedures in the State Court.

**WHEREFORE**, Debtor herein respectfully requests this Honorable Court to take notice of the above stated. Debtor also humbly requests this Honorable Court **Deny** the Motion for Reconsideration presented by MMC/SISSO.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this February 23, 2011.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the

CM/ECF system, which will send notification of such filing to the parties therein registered to receive Notice, including the U.S. Trustee.

                                                                          /S/ *Rafael González Vélez*
                                                            **Rafael González Vélez**
                                                              USDC No. 124311
                                                    1806 Calle McLeary Suite 1-B
                                                   San Juan, PR 00911
                                                   Tel: (787) 726-8866
                                                   Fax: (787) 726-8877
                                                   Email: rgvlo@prtc.net