**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **MEDICAL EDUCATION AND HEALTH SERVICES, INC.** | **CASE NO. 10-04905 BKT** |
| **DEBTOR** | **Chapter 11** |
| **MEDICAL EDUCATIONAL AND HEALTH SERVICES, INC.** | |
| **PLAINTIFF** | **ADV. NO. 10-202** |
| **VS.** | |
| **SISTEMAS INTEGRADOS DE SALUD DEL NOROESTE & MAYAGUEZ MEDICAL CENTER-DR. RAMON EMETERIO BETANCES, INC.** | |
| **DEFENDANTS** | |

<span style="color:red">**FILED & ENTERED ON 03/04/2011**</span>

<u>**OPINION AND ORDER**</u>

    This proceeding is before the Court upon Defendants' motion for reconsideration of the order remanding the lawsuit to the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Mayaguez [Dkt. No. 32], and the Plaintiff's Opposition to the Defendants' motion for reconsideration [Dkt. No. 33]. For the reasons set forth below, the Defendants' motion for reconsideration is hereby denied.

<u>**I. PROCEDURAL BACKGROUND**</u>

    On February 10, 2011, this Court entered an order remanding the cause of action brought under the present adversary proceeding to the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Mayaguez, finding that all of the factors for mandatory abstention under 28 U.S.C. § 1334(c)(2) apply to the present controversy. Under § 1334(c)(2), in order for mandatory abstention to apply, the proceeding must: 1) be based on a State law claim or cause of action; 2) lack a federal jurisdictional basis absent the bankruptcy; 3) be

commenced in a state forum of appropriate jurisdiction; 4) be capable of timely adjudication; and 5) be a non-core proceeding.  The Court found that the present action is a non-core proceeding that stems from Commonwealth law, lacks a federal jurisdictional basis outside of bankruptcy, and in the absence of bankruptcy, could be timely resolved in the state court where it was commenced.  On February 16, 2010, the Defendants filed a motion to reconsider, arguing that the Court incurred in a manifest error of law by remanding the case to state court, since a substantially similar controversy had been heard and decided by this Court in another adversary proceeding (Case No. 10-0159).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).  This is a non-core proceeding in accordance with 28 U.S.C. §157(b).

## II. STANDARD OF REVIEW

In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Bankr. Pro. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law.  402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).  Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment.  The underlying policy of reconsideration is to provide a court with a means to correct its own errors.  White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982).  Conversely, Rule 59(e) does not exist to allow parties a second chance

to prevail on the merits. <u>Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A.</u>, 897 F.2d 611, 616 (1st Cir. 1990). Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court. <u>Id.</u> at 616 (<u>citing</u> <u>FDIC v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986)). As the First Circuit noted in <u>Harley-Davidson Motor</u>, the rule is "aimed at reconsideration, not initial consideration." <u>Id.</u> at 616. (<u>citing</u> <u>New Hampshire Dept. of Employment Sec.</u>, 455 U.S. at 450). <u>See also</u>, <u>Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.</u>, 899 F.2d 119, 123 (1st Cir. 1999) (Rule 59(e) does not allow losing party to rehash old arguments, previously considered and rejected).

### III. DISCUSSION

Defendants pray for reconsideration pursuant to <u>Plumley v. Southern Container, Inc.</u>, 303 F.3d 364, 373 (1st Cir. 2002), which held that a party is precluded from re-litigating an issue that was previously litigated, if: "(1) the issue to be precluded is the same as that disputed in a prior proceeding, (2) the issue was actually litigated in the earlier proceeding, (3) the issue was determined by a valid and binding final judgment or order, and (4) the determination of the issue in the prior proceeding was essential to the final judgment or order." The Defendants contend that the decision in <u>Plumley</u> requires this Court to resolve the present controversy because the issue to be determined is the same as that disputed in a prior proceeding. However, the Plaintiff in the case to which the Defendants refer (Case No. 10-0159) only moved for relief pursuant to Fed. R. Bankr. P. 7065 and 11 U.S.C. § 105. In the case at bar, the Plaintiff moves for a "possessory injunction" under section 690 of the Puerto Rico Code of Civil Procedure, 32 L.P.R.A. § 3561.

A cursory search reveals that 32 L.P.R.A. § 3561 was enacted by the Legislative Assembly of Puerto Rico to promote a compelling policy consideration. The purpose of the injunction contemplated by this section is to provide the possessor with a rapid and efficacious remedy to protect his possession, *discouraging citizens from resorting to force and violence in view of the threats*

*of dispossession or the consummated dispossession*. <u>Disdier Pacheco v. Garcia</u>, 101 D.P.R. 541, 549-50 (1973) (emphasis added).  Furthermore, federal courts have recognized that "[a] territorial sovereign has a primeval interest in resolving all disputes over use or right to use of real property within its own domain." <u>Asociacion de Reclamantes v. United Mexican States</u>, 735 F.2d 1517, 1521 (D.C.Cir. 1984). While Puerto Rico may fall under the sovereignty of the United States, this Court finds the same rationale applicable to the present controversy.  The Commonwealth Courts of Puerto Rico have a compelling interest in resolving disputes regarding possession of Puerto Rican land, especially if the Legislative Assembly of Puerto Rico is concerned with the possibility of citizens resorting to force and violence as a result of, or in contemplation of, dispossession of real property.

Having found that the claims brought by the Plaintiff in Case No. 10-0159 are sufficiently distinct from the claim brought in the present controversy, <u>Plumley</u> is inapplicable to the extent that it would prevent the parties from re-litigating an issue already decided by this Court.  It strikes the Court as unnecessary to re-enter a discussion of the arguments advanced by the Defendants that were already rejected in the analysis that resulted in the order remanding the case [Dkt. No. 28].  Because the Defendants have failed to establish a manifest error of law, this Court finds that the Defendants are not entitled to reconsideration under Federal Rules of Bankruptcy Procedure, Rule 9023.

WHEREFORE, IT IS ORDERED that DEFENDANT's motion for reconsideration shall be, and it hereby is, DENIED.

San Juan, Puerto Rico this 04 day of March, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

CC:   ALL CREDITORS